UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RONALD MARK DRAUGHN, a/k/a
KHALIL MALIK SHABAZZ,

                Plaintiff,                        Case No. 2:08-cv-32

v.                                      Honorable Robert Holmes Bell

PATRICIA CARUSO, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

           This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff Ronald Mark Draughn, a/k/a Khalil Malik Shabazz, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Deputy Director Dennis Straub, Deputy Director Kenneth MacEachern, Deputy Director James MacMeekin, CFA Analyst Christopher Chrysler, Warden David Bergh, and Deputy Warden Lloyd Rapelje.

Plaintiff alleges in his complaint that he has been classified to a Maximum Security Facility for the past 13 years despite the fact that his proper security classification screenings score him at a Level II, which is considered Medium Security.  Plaintiff states that he has never been found guilty of any misconducts for assault, attempted assault, sexual deviance, inciting a riot, escape, or predatory behavior, but has continuously been denied transfer to a lower security facility.  Plaintiff alleges that he has a CFA hold on him and is unable to be transferred to a lower security level without the approval of the MDOC Director or one of the Deputy Directors.  Plaintiff contends that the CFA Hold List is an arbitrary and unwritten policy used to classify a prisoner to a specific security level without requisite justification.  There is no written policy, procedure or rule authorizing the use of a CFA Hold classification.

Plaintiff alleges that in March of 2005, Defendants Caruso, Straub, MacEachern, MacMeekin and Chrysler continually assigned members of the Nation of Islam, such as Plaintiff, to higher levels of security in disparate and discriminatory fashion as compared to other similarly situated prisoners.  On June 13, 2005, Plaintiff filed a grievance on Defendants' decision to deny his transfer to a lower security level.  Plaintiff's grievance was denied at each level.  Plaintiff also filed

a formal complaint with Defendant Caruso, but no corrective action was taken. On March 31, 2006, Plaintiff was sent a security level screening form, which indicated that he had once again been assigned to Level V security because of his institutional history. Plaintiff claims that Defendants' reason for denying Plaintiff a reduction in his security level was because of his leadership in the Nation of Islam group and because of his African-American race. Plaintiff contends that Black prisoners in the MDOC are held to a higher standard of security classification, than are White prisoners, who are routinely granted lower security level placement despite having similar or worse institutional histories. In addition, Plaintiff claims that he has not received meaningful review of his security placement for the last 13 years. Plaintiff states that Defendants' conduct was motivated by Plaintiff's religious affiliation and race and violated his rights under the First and Fourteenth Amendments. In addition, Plaintiff claims that Defendants' conduct violated the Ex Post Facto Clause. Plaintiff seeks damages, as well as declaratory and injunctive relief.

## II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

- 3 -

As noted above, Plaintiff claims that Defendants' conduct in maintaining him at a Maximum Security Level violates the Ex Post Facto Clause because it deprives Plaintiff of any meaningful chance of parole. However, an ex post facto law must be a criminal or penal measure. *Weaver v. Graham*, 450 U.S. 24, 28-29 (1981); *Dobbert v. Florida*, 432 U.S. 282, 292-93 (1977). In addition, the Ex Post Facto clauses apply by their own force only to laws passed by Congress or state legislatures. *Marks v. United States*, 430 U.S. 188, 191-92 (1977). In this case, Plaintiff is complaining about a policy directive, not a law passed by Congress or a state legislature. Therefore, this claim is properly dismissed as being without merit.

Plaintiff contends that the Defendants' conduct has violated his rights under the First Amendment. The undersigned construes this claim as one asserting a violation of the right to freely practice Plaintiff's religion. Prisoners do not lose their right to freely exercise their religion by virtue of their incarceration. *Cruz v. Beto*, 405 U.S. 319, 322, n. 2 (1972). Freedom of religion being a fundamental right, any regulation which infringes upon it must generally be justified by a "compelling state interest". *See, for example, Wisconsin v. Yoder*, 406 U.S. 205 (1972). However, as a prisoner, Plaintiff's constitutional rights are subject to severe restriction. *See, for example, Bell v. Wolfish*, 441 U.S. 520 (1979) (restriction on receipt of reading materials); *Hudson v. Palmer*, 468 U.S. 517 (1984) (privacy); *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) (right to call witnesses); *Richardson v. Ramirez*, 418 U.S. 24 (1974) (vote). *See, generally, Washington v. Harper*, 494 U.S. 210 (1990); *Turner v. Safley*, 482 U.S. 78 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). In this case, Plaintiff fails to allege any facts showing that his right to freely practice his religious beliefs has been infringed upon. Therefore, the undersigned recommends dismissal of this claim.

Plaintiff claims that he was discriminated against based on his race and religious affiliation. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious freedom, the rigorous "strict scrutiny" standard governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440.

As noted above, Plaintiff claims that he is African American and a member of the Nation of Islam religion. Plaintiff states that Defendants Caruso, Straub, MacEachern, MacMeekin and Chrysler continually assigned members of the Nation of Islam, such as Plaintiff, to higher levels of security in disparate and discriminatory fashion as compared to other similarly situated prisoners. Plaintiff claims that Defendants' reason for denying Plaintiff a reduction in his security level was because of his leadership in the Nation of Islam group and because of his African-American race. According to Plaintiff, Black prisoners in the MDOC are held to a higher standard of security classification than are White prisoners, who are routinely granted lower security level placement despite having similar or worse institutional histories. However, Plaintiff fails to allege any specific facts in support of this claim, such as any examples of white prisoners who have the same history who were treated differently. Moreover, the attachments to Plaintiff's complaint support the conclusion that he is being incarcerated at a maximum security facility as a result of his institutional

- 5 -

record.  (*See* Exhibit 1 to Plaintiff's complaint.)  Plaintiff attaches a copy of the step II response to

Grievance Number LMF-2006-04-1410-24C to his complaint.  This response states:

> The review of your Step II Grievance Appeal has been completed.
> All the information provided was taken under consideration.  I have
> determined that the Step I Response is appropriate and fully
> supported at this level.  Your Security Classification Screen was
> completed in compliance with policy.  While there is no right to
> placement at a particular security level, all prisoners shall be
> classified according to management and confinement requirements
> necessary for the protection of the general public, prevention of
> escape, maintenance of control and order, and the safety of staff and
> prisoners.    Documentation  clearly  supports  that  prisoner
> Draughn/Shabazz has been involved in planning and recruiting
> inmates to assault staff.  Therefore, he is properly placed at LMF a
> level V facility.  Overall institutional history is a serious concern.
> Prisoner has not established a violation of policy, procedure or staff
> misconduct.

(*See* Exhibit 1, p. 10.)  Based on the record, there is no evidence to support Plaintiff's claim that his

continued classification to level V is the result of a desire to discriminate against him.  Plaintiff's

allegation of racial discrimination is based on speculation, without specific facts alleged to support

the claims.  Conclusory allegations of unconstitutional conduct without specific factual allegations

fail to state a claim under § 1983.  *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th

Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d

102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov.

1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001).  Therefore, the undersigned recommends dismissal

of Plaintiff's equal protection claims.

Finally, Plaintiff claims that he did not receive meaningful review of his continued

incarceration in level V.  However, Plaintiff's complaint, as well as the attached documents,

establish that if Plaintiff had a right implicating the due process protections of the Constitution,

Plaintiff received due process of law.  In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law.  This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false.  *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990).  The Due Process Clause does not guarantee that the procedure will produce a correct decision.  "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process."  *Martinez v. California*, 444 U.S. 277, 284, n.9, 100 S. Ct. 553, 558, n. 9 (1980).  "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."  *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983 (1990) (emphasis in original).  Further, an inmate has no right to counsel in disciplinary proceedings.  *Wolff v. McDonnell*, 418 U.S. 539, 569-70, 94 S. Ct. 2963, 2981 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986).  In this case, Plaintiff received annual review for possible reduction to a lower level facility and his complaints regarding his continued placement at level V were reviewed by the MDOC Director's Office.  Therefore, the undersigned recommends dismissal of Plaintiff's due process claims.

## **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 27, 2008


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fᴇᴅ. R. Cɪᴠ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).