UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD MARK DRAUGHN, a/k/a
KHALIL MALIK SHABAZZ,

       Plaintiff,

                               File No. 2:08-CV-32

v.

                               HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

       Defendants.
                                       /

**O P I N I O N**

       On May 27, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Ronald Mark Draughn, a/k/a Khalil Malik Shabazz's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 14.)  The Court granted Plaintiff's request for an extension of time to file objections. (Dkt. No. 18.)  Plaintiff filed his objections to the R&R on July 22, 2008.  (Dkt. No. 19.)

       This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff alleges in his complaint that he is a devout Muslim and has been a minister in the Nation of Islam religious faith. (Compl. ¶ 13.) He alleges that although he scores as a Level II medium security prisoner on his security classification screenings, and although he has not had any serious misconducts, Defendants have has repeatedly "departed" from the classification screening score and classified him as a Level V maximum security prisoner for the past thirteen years as a result of a "CFA" hold, and have repeatedly refused to transfer Plaintiff to a lower security prison. (*Id.* at ¶¶ 14-16.) Plaintiff alleges that the reason for denying him a reduction in his security level is because of his leadership in the Nation of Islam religious group and because of his African-American race. (*Id.* at ¶ 20.) Plaintiff alleges that Defendants "depart" members of the Nation of Islam and black prisoners to higher levels of security in a disparate and discriminatory fashion as compared to other similarly-situated prisoners. (*Id.* at ¶ 21, 29, 30.)

The Magistrate Judge recommended dismissal of Plaintiff's complaint for failure to state a claim. Upon *de novo* review, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a violation of the Ex Post Facto Clause and the Due Process Clause, for the reasons state in the R&R. The Court disagrees, however, with the Magistrate Judge's conclusion that Plaintiff has failed to state a claim for violation of his rights under the First Amendment and the Equal Protection Clause.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89,

127 S. Ct. 2197, 2200 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). There is no heightened pleading standard for civil rights claims made pursuant to § 1983. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165-68 (1993). Nevertheless, "'conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)).

The Magistrate Judge construed Plaintiff's First Amendment claim as one asserting a violation of the right to freely practice his religion, and determined that Plaintiff had failed to allege any facts showing that his right to freely practice his religious beliefs had been infringed upon. In his objections, Plaintiff contends that the Magistrate Judge improperly construed his First Amendment claim. Plaintiff contends that he is asserting an adverse retaliatory impact in security classification because of his religious affiliation rather then a violation of his right to practice his religious beliefs. (Compl. ¶¶ 38-42.)

In order to state a First Amendment retaliation claim, a plaintiff allege facts to show that:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Harbin-Bey*, 420 F.3d at 579 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). With respect to the second prong of the retaliation test, the relevant question is

3

whether the defendant's adverse conduct was "capable of deterring a person of ordinary firmness;" the plaintiff does not need to show that he was actually deterred. *Id.* (quoting *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002)).

Plaintiff has alleged that he engaged in protected religious conduct, and he has alleged an adverse action by alleging that Defendants departed him to a higher security classification. *See King v. Zamiara*, 150 F. App'x 485, 494 (2005) ("Increasing King's custody security level was an adverse action because the result of more restrictions and fewer privileges could deter a person of ordinary firmness from engaging in protected conduct."). Although Plaintiff's allegation of a causal connection between his protected conduct and the adverse action is largely conclusory, Plaintiff's allegation that he does not have a disciplinary record that would justify his Level V security classification, together with his allegation that Defendants depart members of the Nation of Islam to higher security levels than other similarly situated prisoners, is sufficient to support an inference of causation. Accordingly, upon *de novo* review, the Court is satisfied that Plaintiff's complaint, liberally construed, is sufficient to allege a claim of retaliation based upon the exercise of his religion.

The Magistrate Judge also recommended that Plaintiff's equal protection claim be dismissed based upon his determination that there was a lack of evidence to support Plaintiff's claim that his continued classification to Level V is the result of a desire to discriminate against him. Specifically, the Magistrate Judge noted the lack of any examples of similarly-situated white prisoners who were treated differently, and the existence of

evidence in the record supporting the conclusion that Plaintiff's continued classification to Level V is the result of his institutional history rather than discrimination. (R&R at 5-6.)

Plaintiff objects to the recommendation that his equal protection claim be dismissed because he contends that the Magistrate Judge has improperly held him to a heightened pleading standard and has improperly weighed the evidence presented.

In *Harden-Bey* the Sixth Circuit held that a prisoner failed to state an equal protection claim as a matter of law where his complaint contained a conclusory allegation that his placement in administrative segregation was "created on Religious Bias," and he alleged no facts to contradict his disciplinary record which showed that he was placed in administrative segregation because of his efforts to cause disturbances, not because of his religion. 524 F.3d at 796.

Plaintiff's allegations of discrimination, like the allegations in *Harden-Bey*, are largely conclusory. However, unlike *Harden-Bey*, Plaintiff's complaint includes the allegation that he has had no serious misconducts, an allegation which tends to contradict the evidence that his security classification departure was justified by his history of planning and recruiting inmates to assault staff. (Compl. ¶¶ 15, 35.) Plaintiff has also alleged that an MDOC employee told him that he was denied a lower security level placement because he was a leader in the Nation of Islam (Compl. ¶ 33), and he has alleged that members of his race and his religious group receive security classification departures more often than similarly situated white prisoners (Compl. ¶¶ 21, 23, 29, 30). Upon *de novo* review the Court is

5

satisfied that Plaintiff's allegations, read as a whole, and read in a light most favorable to him, support factual inferences that are sufficient to state an equal protection claim.

Accordingly, the Court will adopt the R&R's disposition of Plaintiff's Ex Post Facto Clause and due process claims, and will dismiss those claims. However, the Court will reject the R&R's disposition of Plaintiff's First Amendment and equal protection claims and will allow the action to proceed on those claims only.

An order consistent with this opinion will be entered.


Dated: <u>March 27, 2009</u>                                             <u>/s/ Robert Holmes Bell                    </u>
                                                                                            ROBERT HOLMES BELL
                                                                                            UNITED STATES DISTRICT JUDGE